United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OKSüT MADENCILIK SAN. TIC. A.S.,
Plaintiff,

v.

LINKEDIN CORP., et al.,
Defendants.

Case No. 21-mc-80180-AGT

**ORDER AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

Re: Dkt. No. 1

Turkish corporation Öksüt Madencilik San. Tic. A.S. ("OMAS") has filed an ex parte application for an order pursuant to 28 U.S.C. § 1782 authorizing service of two subpoenas, one to Google and the other to LinkedIn, seeking documents for use in proceedings in Turkey. Dkt. 1. The subpoenas seek information concerning the identity of the owners of "anonymous" online accounts—specifically, a Google account in the name "Albert Smart," accessible at https://www.google.com/maps/contrib/103759145785925253677, and a LinkedIn account accessible at https://www.linkedin.com/in/hasan-top-43b563208—which were allegedly used to communicate stolen OMAS confidential information and defamatory statements regarding OMAS and its leadership. Dkt. 1-3, DeMarco Decl. ¶¶ 3, 6–7. OMAS recently filed a criminal complaint with the Turkish public prosecution office regarding the alleged theft and misuse of its confidential information and, pending resolution of the criminal process, it may also bring a civil action in Turkey against the individuals involved. Dkt. 1-5, Biçer Decl. ¶ 4. OMAS asserts that the identifying information sought from Google and LinkedIn will be critical in both the criminal and anticipated civil proceedings. Dkt. 1 at 13.

This Court has authority to authorize the proposed subpoenas because Google and LinkedIn are headquartered in the Northern District of California, and OMAS intends to use the information it obtains from Google and LinkedIn in proceedings before a foreign court. *See* 28 U.S.C. § 1782(a); *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019). This Court also finds that the four discretionary factors often considered in evaluating such applications weigh in favor of the subpoenas. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004). First, there is no reason to believe that Turkish courts will not be receptive to U.S. judicial assistance in this case. Second, there is no reason to believe that OMAS's request is an attempt to circumvent Turkish proof-gathering restrictions. Third, neither Google nor LinkedIn is a participant in the proceedings in Turkey, which means that without U.S. judicial assistance, OMAS may not be able to obtain the discovery at issue. Fourth, based on the current record, there is no reason to believe Google or LinkedIn will be unduly burdened by the respective subpoenas.[1]

Because OMAS's request is reasonable and satisfies the statutory requirements, the Court hereby authorizes OMAS to serve the proposed subpoenas attached to the DeMarco Declaration, *see* Dkt. 1-3, Ex. A (Google) & Ex. B (LinkedIn), pursuant to the terms and conditions that follow.

* * *

1. OMAS must serve the subpoenas on Google and LinkedIn within 14 days of this order. When OMAS serves the subpoenas, it must also provide Google and LinkedIn with a copy of this order.
2. Within 14 days of being served, Google and LinkedIn must notify each of the account owners that their identifying information is sought by OMAS. Google and LinkedIn must also provide these persons with copies of the subpoena and this order.
3. Within 21 days of receiving notice of the subpoena, Google, LinkedIn, and/or any account owner whose identifying information is sought may file a motion in this Court to quash or to modify the subpoena.

---

[1] The subpoenas appropriately do not seek the content of any communications associated with the two accounts at issue. *See, e.g.*, *Optiver Australia Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors.*, No. 12-cv-80242-EJD (PSG), 2013 WL 256771, at *2–3 (N.D. Cal. Jan. 23, 2013) (discussing prohibitions of the Stored Communications Act, 18 U.S.C. § 2701, *et seq.*).

4. OMAS may use the information disclosed by Google and LinkedIn only for purposes of the criminal and anticipated civil proceedings in Turkey discussed above.

**IT IS SO ORDERED.**

Dated: October 14, 2021

ALEX G. TSE
United States Magistrate Judge

United States District Court
Northern District of California